ABRAHAM V. KNICKERBOCKER

*v.*

MARGARET KNICKERBOCKER *et al.*

1.  GUARDIAN AND WARD—*proceedings to sell the land of the latter—of the term at which application should be made.*  Where a guardian gives notice by publication, under the statute, that he will apply to the court, at a certain

term, for an order to sell the land of his ward, and the application is made at a different term, the proceedings will be void for want of jurisdiction.

2.  And such will be the result, although the term of the court to which the notice was given, was not held, by reason of the absence of the judge, there being no petition filed within the time for which such term could have been held by law, nor any steps taken to give the court jurisdiction, either of the subject matter or the person, at that term.

3.  CONTINUANCE *by operation of law, where the judge is absent—construction of the statute.* The statute which provides for the adjournment of a term of court, in case no judge shall attend on the first or second day, and that all suits, writs, process, etc., shall stand continued until the next term, has reference only to suits and proceedings actually pending when the contingency happens which puts the law into operation. It is construed to mean some proceeding, not alone commenced, but under the control of the court, and upon which it could act.

4.  So where a guardian had simply given notice, by publication, that he would apply to the court, at a certain term, for an order for the sale of the land of his ward, no other steps whatever being taken to bring the cause into court for that term, it was *held,* the proceeding was not pending in court, so as to come within the operation of the statute, and would not stand continued in case that term was not held, but the proceeding would abate.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. BUCKNER S. MORRIS, Judge, presiding.

Messrs. HURD, BOOTH & KREAMER, for the plaintiff in error.

Mr. MELVILLE W. FULLER, for the defendants in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The real estate of the plaintiff in error was sold, in 1854, under a decree obtained upon the application of his guardian.

The notice of the application stated that the guardian would apply to the circuit court, at the term to be held on the fourth Monday of October. The application was, in fact, made at the November term following. It is stipulated that the October term was not held, as the judge did not attend.

It further appears, from an examination of the record, that the petition was not filed until the expiration of the time for

holding the October term; indeed, there is no file mark upon it, but the jurat is dated the 21st of November, 1854.

The decree, having been made at the November term, is void, if the case was not in court in October. Before the court could acquire jurisdiction, the guardian must give notice of the intended application. When the notice is for one term, and the application is made at another, a defect exists in the record, which is fatal, unless cured by some provision of the statute.

It is provided by the statute that, if no judge should attend on the first or second days appointed for terms of the circuit court, it shall stand adjourned until the next succeeding term, "and all suits, writs, process, indictments, recognizances, and other proceedings, shall stand continued, until the next term of the court, as if the same had been continued by order of the court."

It is urged that, as the October term lapsed, this cause was continued to the next succeeding term, by operation of law. This is true, if the proceeding had progressed far enough to bring it within the purview of the statute.

It is necessary to the validity of all decrees, that the court rendering the same should have jurisdiction. In this case the jurisdiction must have existed at the time the October term should have been held, in order that the decree at the succeeding term should be valid. How is jurisdiction acquired? Jurisdiction of the subject matter is obtained by filing the petition. The petition was not filed until in November. Therefore, the court, in October, did not have jurisdiction of the subject matter. Jurisdiction of the person is conferred by giving the required notice of the intended application. This was done previous to the October term, but the court did not thereby necessarily acquire jurisdiction of the person. The notice was not filed; it had not been placed in the care of the officer entrusted with the papers and business of the court.

This notice is, in some sense, process; but it is unlike a writ, under the seal of the court, which proves itself. The

court can not take judicial knowledge of its existence. It must be proved, to entitle it to the slightest attention of the court. When the proper business of the court was continued, in October, by force of the statute, it formed no part of the docket. It had no local habitation.

When the statute says, " all suits, writs, etc. shall stand continued," it has reference to suits and proceedings actually pending when the contingency happens which puts the law into operation. It must be construed to mean some proceeding not alone commenced, but under the control of the court, and upon which it could act. If the court had convened in October, and the guardian had appeared, in open court, and asked for a continuance, without filing either notice or petition, the court would have dismissed the motion. Will the law operate a continuance which the court would have refused, when there is no evidence of any application or proceeding in the custody of the law?

When neither the notice nor the petition was filed, at the October term, the proceeding, so far as it had progressed, abated. The presumption of abandonment existed against the guardian.

As this disposes of the case, we shall not discuss the other errors assigned.

A motion was made, in behalf of some of the defendants in error, to dismiss the writ of error. This motion is allowed as to all the defendants in error who have not joined in error.

The decree is reversed and the cause remanded.

*Decree reversed.*