DAVID A. GAGE

*v.*

THE COMMERCIAL NATIONAL BANK OF CHICAGO.

RIGHT OF TRIAL BY JURY — *changing the issue after a jury is waived.* Where by agreement of parties a cause is submitted to the court for trial without the intervention of a jury, on issues joined, the trial to take place on a certain day,

and on that day the plaintiff obtains leave to file an additional count to the declaration, and subsequently, by leave of court, an amended declaration is filed and entirely new and different issues are formed, it is error to force the parties to a trial without a jury, if either of them demands one.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the plaintiff in error.

Messrs. SLEEPER & WHITON, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was in *assumpsit*, and was brought in the first place against David A. Gage and Selah Reeve. The declaration first filed alleged liability against both defendants. To that declaration Reeve demurred, and Gage pleaded the general issue and special pleas, on which issue was joined. On December 6, 1875, in accordance with an agreement between counsel for plaintiff and for Gage, the cause was submitted to the court for trial without the intervention of a jury, the trial to take place on the next day on "issues joined," but on that day plaintiff obtained leave of court to file an additional count to the declaration. An additional count was filed on December 11th, to which separate demurrers were filed by each defendant, and, as we understand the record, were sustained. But, whether that is so or not, the cause was then continued until March 13, 1876, when, on motion of plaintiff, Reeve was dismissed from the case, and the court gave leave to file an additional count to the declaration within five days. On April 8, 1877, a new or amended declaration was filed against Gage alone, to which he pleaded a variance between the writ and declaration. That plea, on motion of plaintiff, was stricken from the files, and, on April 22d, defendant pleaded the general issue, verified by affidavit, to the new or amended declaration, which only alleged liability against him.

Counsel for plaintiff, on May 31st thereafter, gave notice to defendant's counsel that on June 5th ensuing, or so soon thereafter as counsel could be heard, the cause would be called up for trial. On that day the cause was called, but defendant objected to proceeding with the trial, because it appeared by the records the cause was not then liable to be called for trial in its order according to the trial calendar of the court; but that motion was overruled. A jury was then demanded by defendant, but the court refused to allow one to be called, and ordered the trial to proceed before the court. That was error. It was a right, secured to defendant by law, to have his cause tried by a jury, and that right he had not waived. The agreement made six months anterior, that the cause might be tried by the court, was to submit the cause on " issues joined." But, after that agreement was made, plaintiff dismissed one defendant out of court, and in effect filed a new declaration against defendant alone, alleging a different obligation, to which new pleas were filed, and on which new issues of fact were raised. What was done was equivalent to setting aside the former order of submission to trial by the court. Both parties so treated it, for it was upon notice the case was at last called out of its order for trial in the discretion of the court. New issues of fact were made on what was essentially a new declaration, and upon the sworn plea of defendant, and his right to have his cause submitted to a jury for trial at that time is a proposition so evident it can not be made plainer by discussion.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*