Nelson *v.* The Board of Commissioners of Posey County.

No. 12,362.

## NELSON *v.* THE BOARD OF COMMISSIONERS OF POSEY COUNTY.

STATUTE OF LIMITATIONS.—*Claim by County Clerk for Extra Services.*—*"Account."*—An itemized claim by the county clerk for extra services is an " account" within the meaning of section 292, R. S. 1881, limiting the right of action thereon to six years.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies,* for appellant.
. *E. M. Spencer,* for appellee.

MITCHELL, J.—On the 20th day of March, 1885, William Nelson, formerly clerk of the circuit court, and *ex officio* clerk of the court of common pleas of Posey county, filed an itemized account against the board of commissioners of the above named county, which aggregated $784.90.

The account was duly verified, and the items consisted of charges for extra services in issuing certificates of allowances to jurors, copying and indexing orders for allowances, issuing venires, empanelling and swearing grand juries, orders opening court, making bar-dockets, etc. It covered all the years from 1867 to 1873 inclusive. .

An answer setting up the six years' statute of limitations was filed, and upon consideration the board of commissioners gave judgment dismissing the claim. An appeal was taken to the circuit court, where the same answer was refiled. The demurrer was overruled, and, the appellant refusing to reply, judgment was given against him for costs.

An act passed in 1861, found in 2 G. & H. 652, since repealed, provided " that the board of county commissioners shall annually allow the clerk and sheriff of their respective counties an annual compensation for extra services as such, not exceeding one hundred dollars each. But no such allowance shall be made to either of those officers until he shall have filed a detailed statement of his charges, with items and

dates, and taken and subscribed an oath or affirmation to the truth thereof," etc.

Under section 292, R. S. 1881, actions "on accounts and contracts not in writing" are required to be commenced within six years after the cause of action accrues. Under section 294 all actions not otherwise limited are required to be brought within fifteen years.

It is contended that the six years' statute has no application to the account or claim filed, that this is an action not otherwise limited, and as a consequence the limitation which governs is fifteen years, under section 294. The argument in favor of this construction rests on the assumption that the phrase "on accounts," as mentioned in the statute, refers to the old common law action of account as it existed in the twenty-third year of the reign of James I.

The word "account" has no very clearly defined legal meaning. In *Rensselaer Glass Factory* v. *Reid*, 5 Cow. 587, 593, SANDFORD, C., said: "An account is no more than a list or catalogue of items, whether of debts or credits."

The primary idea of "account" is some matter of debt and credit, or of a demand in the nature of debt and credit between parties, arising out of contract, or of a fiduciary relation, or some duty imposed by law. It is none the less an account that all the items of charge are by one person against another, instead of being a statement of mutual demands of debit and credit, provided the charges arise out of contract, express or implied, or from some duty imposed by law.

If the county was liable to the appellant, its liability grew out of the fact that he had performed certain services required of him, for which the law had fixed no certain compensation. The law imposed upon the board of commissioners the duty of annually allowing, within a certain limit, as they should deem proper, for such services, upon condition that the appellant should file a detailed statement of his charges, with items and dates. Such a statement constituted an account

within the meaning of the statute.  *Harris* v. *Christian,* 10 Pa. St. 233.

If the appellant was entitled to coerce the allowance of all or any part of such account, his right to do so accrued at the end of each current year, upon the making out and presentation of such statement or account.  The statute could not be prevented from running by failing to make it out when the right to do so accrued.

In the case of *Moore* v. *State, ex rel.,* 55 Ind. 360, an action to recover from a clerk certain docket and unclaimed witness fees, the defendant successfully interposed the six years' statute of limitations.  It was there held that an action for breach of duty for failing to pay over money as the law required was barred by the six years' statute.  There was in that case neither contract nor mutuality of account, but the law imposed upon the clerk the duty of annually paying over all unclaimed witness fees, etc.

No reason occurs to us why the statute should not be held to apply in this case as in that, nor does it seem to us that the appellant's account for services against the county stands on any different footing from that of any other claim for services which the law made it the duty of the board to allow upon proper presentation.

The judgment is affirmed, with costs.

