ZINTSMASTER ET AL. *v.* AIKEN ET AL.

[No. 21,288. Filed May 25, 1909. Rehearing denied December 16, 1909.]

1. STATUTES.—*Repeal.—Saving Clauses.—Drains.*—The repealing clause of section fourteen of the drainage act of 1905 (Acts 1905, p. 456, §5635 Burns 1905) did not affect pending drainage proceedings which would not affect any body of water exceeding ten acres in surface, a saving clause continuing such proceedings the same as if such act had not been passed. p. 272.

2. STATUTES.—*Repeal.—Drains.*—Under section 21 of the drainage law of 1907 (Acts 1907, p. 508), repealing all prior drainage laws, and providing that any pending proceedings, with certain exceptions, shall be continued under such act of 1907, a proceeding before the board of commissioners for the establishment of a drain extending into two counties, commenced in 1903, will be dismissed, since such act of 1907 makes no provision for the construction of such a drain by the board of commissioners. p. 272.

3. DRAINS.—*In Two or More Counties.—Boards of Commissioners. —Jurisdiction.—Waiver.—Estoppel.*—Where boards of commis-

sioners have no jurisdiction over the construction of drains extending into two or more counties, the parties interested cannot confer jurisdiction by contract, waiver, or estoppel. p. 273.

4. JUDGMENT.— *Res Judicata.— Drains.— Jurisdiction.—* An order of the circuit court overruling motions to dismiss a drainage case, wherein a drain extending into two counties was petitioned for, and remanding such case back to the board with orders to "proceed according to law," does not estop the remonstrants from questioning the jurisdiction of the board over the subject-matter. pp. 273, 274, 277.

5. STATUTES.—*Repeal.—Saving Clauses.*—Section 243 Burns 1908, §243 R. S. 1881, was enacted to save pending proceedings in 1852, but does not apply to proceedings begun subsequently. p. 274.

6. JURISDICTION.—*Circuit Courts on Appeal.*—Where an inferior court had no jurisdiction over the subject-matter of a pending case, the circuit court on appeal acquires none. p. 274.

7. STATUTES.—*Repeal.—Pending Proceedings.—Drains.*— The repeal of a statute under which a drainage proceeding is pending takes from the court jurisdiction in such case, unless a saving clause prevents, all proceedings thereafter being void. p. 275.

8. APPEAL.—*Motions to Dismiss.—Absence of, from Record.*—The Supreme Court cannot determine the grounds of motions in the trial court for the dismissal of an appeal from the board of commissioners, where such motions are not brought into the record. p. 276.

9. JURISDICTION.—*Want of.—Dismissal.*—It is the duty of a board of commissioners, as well as of the circuit court on appeal therefrom, on its own motion, to dismiss a drainage proceeding over which it has no jurisdiction. p. 277.

10. DRAINS.—*Dismissal.—Judicial Acts.*—The action of a board of commissioners, as well as that of the circuit court on appeal, in dismissing a drainage case for want of jurisdiction, is judicial. p. 277.

11. APPEAL.—*Rehearing.—Questions Presentable.*— Questions not presented by the briefs in the case on the original hearing cannot be raised on a petition for a rehearing. p. 278.

From Superior Court of Allen County; *O. N. Heaton,* Judge.

Drainage proceeding by Daniel W. Zintsmaster and others, to which James A. Aiken and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Affirmed.*

*D. F. Brooks* and *C. W. Watkins,* for appellants.

*T. E. Ellison, John H. Aiken* and *H. C. Underwood,* for appellees.

MONKS, J.—This proceeding was commenced in April, 1903, by filing a petition, before the Board of Commissioners of the County of Allen, to construct a drain commencing in said county and ending in Huntington county. Said board of commissioners in January, 1906, made an order setting aside the report of the viewers made in said proceeding, for the reason that the same was "not according to law," and dismissed said proceeding for want of prosecution. From this judgment the petitioners appealed to the Allen Circuit Court. The venue of the cause was changed to the Adams Circuit Court, where, on April 20, 1907, the court overruled all motions heretofore filed to dismiss the appeal herein, and ordered that the cause be "certified back to the Board of Commissioners of the County of Allen to proceed in accordance with the law, and that said board appoint viewers or drainage commissioners to file an amended report." Said board of commissioners, pursuant to said order of the Adams Circuit Court, appointed "drainage commissioners to file an amended report."

Afterwards, on September 6, 1907, said drainage commissioners filed their report as ordered by said board. Notice was given that said report would be heard on October 4, 1907. The hearing of said report was continued to October 30, 1907, when the board, on motion, rejected the report of the drainage commissioners, and in January, 1908, rendered final judgment that the proceeding be dismissed, for the reason that the drainage law of 1907 (Acts 1907, p. 508), which took effect April 10, 1907, "repealed the law under which said proceeding was had," and therefore left said board without jurisdiction over the subject-matter thereof. From this judgment appellants appealed to the court below, where the proceeding was dismissed and final judgment rendered against the appellants for the same reason.

This ruling of the court is called in question by the assignment of errors.

No order or judgment establishing said work had ever been made by the board of commissioners.

It is insisted by appellants: (1) "That pending proceedings like the one before us were saved by section twenty-one of the act of 1907, *supra,* the same as by section fourteen of the drainage law of 1905 (Acts 1905, p. 456, §5635 Burns 1905) ; (2) that appellees are bound by the judgment of the Adams Circuit Court, so that they are estopped to deny that the board of commissioners had jurisdiction when the cause was remanded by the Adams Circuit Court."

It is true that the act under which this proceeding was brought was repealed by section fourteen of the drainage law of 1905 (§5635, *supra*), but pending proceed-

1. ings, like the one before us, were not affected thereby, because of the saving clause in said section, which provided that such "proceedings and all remedies in relation thereto shall be concluded and be effective in all respects as if this act had not been passed." In other words, pending proceedings for the construction of drains, "in which there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark," were to be concluded the same as if the act under which they were brought had not been repealed.

Section twenty-one of the drainage law of 1907 (Acts 1907, p. 508), however, repeals all laws and parts of laws heretofore enacted in relation to drainage, "pro-

2. vided, any pending proceedings shall be continued under this act, except that all proceedings which shall have been commenced under and in accordance with an act entitled 'An act concerning drainage,' approved March 6, 1905, shall be concluded and determined in accordance with all of the provisions of said act." Said section twenty-one of said act of 1907 expressly repealed the act under which this proceeding was brought, and the same cannot be concluded thereunder, because the saving clause provides that the same shall be continued under said act of 1907. Unless,

therefore, said act of 1907 contains provisions under which boards of commissioners are authorized to construct drains extending into two or more counties, boards of commissioners have no jurisdiction of such proceedings, and the court below did not err in dismissing said proceeding.

Under the provisions of section seventeen of the act of 1907 (Acts 1907, p. 508, §6151 Burns 1908), boards of commissioners have jurisdiction of drainage cases only where the "proposed work of drainage and the lands, highways, easements, public grounds and cities, towns or townships to be affected thereby are wholly within one county." There are no provisions in said act of 1907 in regard to proceedings before boards of commissioners under which this proceeding could be concluded by the Board of Commissioners of the County of Allen and the ditch constructed.

Under said act of 1907 boards of commissioners have no jurisdiction of the subject-matter of proceedings to construct drains extending into two or more counties.

3. It is evident, therefore, that the parties to the proceeding cannot, by agreement, waiver or under any rule of estoppel give jurisdiction of the subject-matter of this proceeding to the Board of Commissioners of the County of Allen.

The fact that the Adams Circuit Court overruled all motions to dismiss the appeal, and certified the case back to said board of commissioners, with instructions to

4. "proceed according to law," did not estop appellees from insisting that said board of commissioners was deprived of jurisdiction of said cause by the repeal of the law under which it was brought.

As said board of commissioners had no jurisdiction of the subject-matter of said proceeding after the taking effect of said act of 1907, it had no power to take any step for the construction of said ditch after that time.

It is next claimed by appellants that this proceeding is

saved by §243 Burns 1908, §243 R. S. 1881. Said section, as the title of the act shows, was enacted to save pending proceedings at the time it was enacted in 1852 (1 R. S. 1852, pp. 430, 431), as this court held in the case of *Taylor* v. *Strayer* (1906), 167 Ind. 23, 30, 119 Am. St. 469.

Appellants next insist that, even if the board of commissioners had no jurisdiction of said proceedings after the act of 1907, *supra,* took effect, when "the cause by appeal reached the court below it should have overruled said motions to dismiss said proceedings for want of jurisdiction in the board of commissioners, and proceeded to complete said drain under said act of 1907, because said act gave circuit and superior courts jurisdiction over proceedings to construct ditches extending into two or more counties. It is settled in this State that the jurisdiction of the circuit or superior courts to dispose of a proceeding appealed thereto by determining the same on its merits depends upon whether the tribunal from which the appeal was taken had jurisdiction thereof. *Myers* v. *Gibson* (1899), 152 Ind. 500, 506, and cases cited.

It is evident that the board of commissioners had no jurisdiction of the proceedings after said act of 1907 took effect, and that the court below did not err in sustaining the motion to dismiss the same for want of such jurisdiction.

Judgment affirmed.


## On Petition for Rehearing.

Monks, J.—Appellants have filed an earnest petition for rehearing, in which it is insisted that this court erred in holding that the judgment of the Adams Circuit Court in remanding said cause to the Board of Commissioners of the County of Allen, with instructions "to appoint viewers or drainage commissioners to file an amended report," and "to proceed according to law," was

not binding and conclusive as to the jurisdiction of said board of commissioners over the subject-matter of said proceedings; said judgment being rendered after the repeal of the drainage law under which it was brought.

It is well settled that the repeal of a statute which gives a court jurisdiction over a drainage or other proceeding, when such jurisdiction depends wholly upon such 7. statute, without a clause saving pending proceedings, takes away all power to proceed further. *Hunt* v. *Jennings* (1839), 5 Blackf. 195, 33 Am. Dec. 465, and cases cited; *Mayne* v. *Board, etc.* (1890), 123 Ind. 132, 134, and cases cited; *Taylor* v. *Strayer* (1906), 167 Ind. 23, 28, 119 Am. St. 469, and cases cited; *Roush* v. *Morrison* (1874), 47 Ind. 414, 416, 417, and cases cited; *Board, etc.*, v. *Ruckman* (1877), 57 Ind. 96, 101, 102, and cases cited; *Stoever* v. *Immell* (1832), 1 Watts (Pa.) 258; *Commonwealth* v. *Beatty* (1833), 1 Watts (Pa.) 382; *Hatfield Tp. Road* (1807), 4 Yeates (Pa.) 392; *In re Extension of North Street* (1860), 1 Pearson (Pa.) 199; *Hampton* v. *Commonwealth* (1852), 19 Pa. St. 329; *Washington Borough* (1904), 26 Pa. Super. Ct. 296, and cases cited; *North Canal St. Road* (1840), 10 Watts (Pa.) 351, 36 Am. Dec. 185; *Abbott* v. *Commonwealth* (1839), 8 Watts (Pa.) 517, 34 Am. Dec. 492; *Todd* v. *Landry* (1818), 5 Martin (La.) *459, 12 Am. Dec. 479, and note pp. 480, 481; *Bank of Hamilton* v. *Dudley* (1829), 2 Pet. (U. S.) 492, 522 7 L. Ed. 496; *Baltimore; etc., R. Co.* v. *Grant* (1878), 98 U. S. 398, 401, 25 L. Ed. 231, and cases cited; *Yeaton* v. *United States* (1809), 5 Cranch (U. S.) *281, 3 L. Ed. 101; *Butler* v. *Palmer* (1841), 1 Hill (N. Y.) 324; *Wharton* v. *State* (1867), 5 Cold. (Tenn.) 1, 94 Am. Dec. 214 and note pp. 217-220, 14 L. R. A. and note p. 722; *Wooding* v. *Puget Sound Nat. Bank* (1895), 11 Wash. 527, 535, 536, 40 Pac. 223; *New London, etc., R. Co.* v. *Boston, etc., R. Co.* (1869), 102 Mass. 386, and cases cited; *Commonwealth* v. *Marshall* (1831), 11 Pick. 350; 22 Am. Dec. 377; *Common-*

*wealth* v. *Kimball* (1838), 21 Pick. 373; *Sharrock* v. *Kreiger,* (1906), 6 Ind. Ter. 466, 98 S. W. 161, 164, 165; *Campau* v. *Gillett* (1850), 1 Mich. *416, 53 Am. Dec. 73; *Ludlow* v. *Wade* (1832), 5 Ohio *494; *Davis* v. *Livingston* (1833), 6 Ohio *225; *Paine* v. *Skinner* (1837), 8 Ohio *159; *Lessee of Perry* v. *Clarkson* (1847), 16 Ohio 571; *Knickerbocker* v. *Knickerbocker* (1871), 58 Ill. 399, 401; *Vogel* v. *People, ex rel.* (1890), 37 Ill. App. 388; *Downer* v. *Smith* (1864), 24 Cal. *114; *McNeil* v. *First Congregational Society, etc.* (1884), 66 Cal. 105, 4 Pac. 1096; *Castner* v. *Styer* (1852), 23 N. J. L. 236, 250; *Rex* v. *London Justices* (1764), 3 Burrows 1456; *Brown* v. *Compton* (1800), 8 Term Reports 424; 11 Cyc., 690, 702; 23 Cyc., 1073; Works, Jurisdiction, p. 147; Sedgwick, Stat. and Const. Law (2d ed.), 108-111; Endlich, Interp. of Stat., §§478-480; 1 Lewis's Sutherland, Stat. Constr. (2d ed.), §285.

In the case of *Stephenson* v. *Doe* (1847), 8 Blackf. 508, 46 Am. Dec. 489, it was held by this court that proceedings in a suit subsequent to the repeal of the law, without a saving clause, to which they owe their existence, were *coram non judice* and void. The following cases are to the same effect: *North Canal St. Road, supra; Commonwealth* v. *Beatty, supra; Stoever* v. *Immell* (1832), 1 Watts (Pa.) 258; *Butcher* v. *Henderson* (1868), L. R. 3 Q. B. *335; *In re McIntire* (1908), 124 App. Div. (N. Y.) 66, 108 N. Y. Supp. 242, and cases cited; *In re Walker* (1892), 136 N. Y. 20, 29, 32 N. E. 633; *People, ex rel.,* v. *Henion* (1892), 64 Hun 471, 476, 19 N. Y. Supp. 488; *Feister* v. *Shepard* (1883), 92 N. Y. 251; *Burk* v. *Ayers* (1879), 19 Hun 17, 24; *Sharrock* v. *Kreiger, supra; Castner* v. *Styer, supra; Vogel* v. *People, ex rel., supra.*

The record shows that two written motions to dismiss said appeal were filed in the Adams Circuit Court, but said motions are not copied into the record, nor are the grounds of said motions shown in the record. On April 20, 1907, the following proceedings were had

in said Adams Circuit Court, as shown by the record: "Come the parties by their attorneys, and the court being fully advised in the premises overrules all motions heretofore filed to dismiss the appeal herein. The court also refuses to confirm the report heretofore filed. It is therefore decreed and ordered by the court that this cause be certified back to the Board of Commissioners of the County of Allen, to proceed in accordance with the law, and that the board of commissioners appoint viewers or drainage commissioners to file an amended report." As the grounds stated in said motions for dismissing said appeal are not shown in the record, we cannot say what was adjudicated or decided by the court in overruling said motions. The record shows that the Board of Commissioners of the County of Allen appointed viewers or drainage commissioners to file an amended report as directed by the Adams Circuit Court. In sustaining the motions to dismiss said proceedings on account of the repeal of the law under which it was brought, said board "was proceeding according to law," as directed by the Adams Circuit Court. Thus said board fully complied with the order of the Adams Circuit Court. No order or judgment of said Adams Circuit Court could give said board jurisdiction over said proceeding. That depended upon a statute which had been repealed without a saving clause as to drainage proceedings before boards of commissioners for drains running into more than one county. It was the duty of said board of commissioners, on its own motion, to dismiss said proceeding after the repeal of said drainage law, and the same duty devolved upon the court below when said case was appealed from the judgment of said board dismissing said proceeding. Said judgment of the board of commissioners and the judgment of the court below dismissing said proceeding were judicial, and not ministerial acts.

Other questions are urged as grounds for a rehearing,

but as said questions were not presented in the briefs filed in the case we are precluded from considering the same on a petition for rehearing. *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 631, and cases cited.

Petition for rehearing overruled.