## KOHR v. TOWN OF NORTH MANCHESTER.

[No. 21,997.    Filed October 3, 1911.]

1.  MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Reassessment.* —*Statutes.*—*Repeal.*—The act of 1909 (Acts 1909 p. 412, §4), repealing, without a saving clause, §111 of the act of 1905 (Acts 1905 p. 219, §8716 Burns 1908) giving to an aggrieved frontager the right to have a review of his street assessment, extinguished such right, though appraisers had been appointed and had reported a disagreement. p. 287.

2.  MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Reassessment.* —*Statutes.*—*Repeal.*—*Effect.*—*Appeal.*—The act of 1909 (Acts 1909 p. 412, §4), repealing, without a saving clause, §111 of the act of 1905 (Acts 1905 p. 219, §8716 Burns 1908), providing that an aggrieved frontager may petition the circuit or superior court for the appointment of three appraisers whose decision shall be final, such a petition, filed before the passage of the repealing act will not constitute an appeal within the meaning of the act of 1909, *supra*, providing that an aggrieved frontager may appeal from such assessment to the circuit or superior court and secure a new trial thereof, since the former proceeding for a reassessment was purely ministerial and not judicial. p. 288.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Street assessment by the Town of North Manchester against which Levi Kohr petitions for a reassessment. From a judgment for such town, petitioner appeals. *Affirmed.*

*Lesh & Lesh*, for appellant.

*Sayre & Hunter*, for appellee.

MONKS, J.—Appraisers were appointed by the court below on appellant's petition, under §111 of the municipal corporations' act of 1905 (Acts 1905 p. 219, §8716 Burns 1908), to reassess benefits to his property on account of a certain street improvement. After the appointment of the appraisers, but before they filed their report, the legislature passed an act amending said §111, and by virtue of §8 declaring an emer-

gency the amendment took effect on March 8, 1909 (Acts 1909 p. 412, §4). Said section as amended provided that the owner of lots assessed for such improvements should have the right to appeal to the circuit or superior court of the county in which the city or town was located, and that such court should reassess said benefits without the intervention of a jury, instead of having the benefits reassessed by three appraisers appointed by the court, as provided in the section before it was amended.

On April 19, 1909, after said amendment took effect, the appraisers reported that they were unable to agree upon the amount of benefits said property would receive by virtue of said improvement, and were discharged by the court. Appellant thereupon requested the court to grant him a trial of said cause, and assess the benefits to said property, without the intervention of a jury, as provided in said §111 as amended by the act of 1909, *supra,* which request the court denied. Appellant then asked the court to appoint other appraisers under §111 of the act of 1905 (Acts 1905, *supra*). This request the court also denied, and rendered judgment against appellant for costs. These rulings of the court are assigned as errors.

As the right of appellant to have a reassessment of the benefits to his real estate by three appraisers appointed for that purpose depended wholly on certain provisions 1. in said act of 1905, the repeal of said provisions by the legislature, by amending said section without a saving clause, took away all power of the appraisers to proceed further under the provisions so repealed. *Taylor* v. *Strayer* (1906), 167 Ind. 23, 28, 119 Am. St. 469, and cases cited; *Zintsmaster* v. *Aiken* (1909), 173 Ind. 269, and cases cited.

It is evident, therefore, that the court did not err in refusing appellant's request to appoint new appraisers under the act of 1905, *supra,* for the reason that there was no law in force authorizing their appointment when said request was made.

Appellant insists that the court erred in refusing to try said cause without the intervention of a jury, under amended §111. This contention is based on the theory that the petition of the "owner of any parcel or lot of land assessed with benefits" to the circuit or superior court of the county for a reassessment of benefits under the provision of the act of 1905, *supra,* is an appeal to such court from the assessment complained of, and that as such court had jurisdiction of such appeal for the reassessment of benefits, said jurisdiction continued under the forms directed by the amendatory act of 1909, *supra,* authorizing the court in case of appeal thereto to reassess the benefits without the intervention of a jury. If the filing of a petition in the circuit or superior court by a landowner, assessed with benefits, under said §111 constituted an appeal to such court, and gave it jurisdiction as a court over such reassessment, as alleged by appellant, it might be claimed, upon the authority of *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, and the cases there cited, that such jurisdiction continued in the court below under the forms directed by the act of 1909, *supra.*

But it was held by this court that such application for reassessment of benefits was not an appeal to such court, and that the court had no judicial power or jurisdiction over it, but acted only in a ministerial, and not in a judicial, capacity under the act of 1905, *supra;* that such court was not authorized to hear any appeal from, review any act of, or give any direction to, the body where said proceeding was pending; that the proceeding for such reassessment of benefits was before the appraisers appointed by the court, whose jurisdiction was exclusive; that a report of the appraisers was final and conclusive and such court had no power or control over it. *City of Indianapolis* v. *State, ex rel.* (1909), 172 Ind. 472, and cases cited.

It follows that when the act of 1909, *supra,* took effect, there was no proceeding pending in the court below for the

2.

reassessment of benefits to appellant's real estate, but that a proceeding was pending before said appraisers appointed by the court, whose power and authority ended when said act of 1909 took effect.

It follows that the court did not err in refusing to try said cause and reassess said benefits under §111, *supra*, as amended by the act of 1909, *supra*.

Judgment affirmed.