## FAST ET AL. *v.* SWISHER.

[No. 22,388.   Filed December 8, 1914.]

1. LIMITATION OF ACTIONS.—*Accounts.*—*Surveyor's Costs in Drainage Proceeding.*—A petition by a surveyor to have a drainage proceeding, which had been dismissed, redocketed for the purpose of having his fees determined and taxed as part of the costs of the proceeding, is an action on account and is controlled by the six-year statute of limitations (§294 Burns 1914, §292 R. S. 1881). p. 504.

2. LIMITATION OF ACTIONS.—*Accounts.*—*Surveyor's Costs in Drainage Proceeding.*—Section 1 of the drainage act of 1905 (Acts 1905 p. 456), in relation to reports filed by surveyors, had no application to proceedings had under the amended act of 1881 (§4308 *et seq.* R. S. 1881, §5677 *et seq.* Burns 1901, Acts 1903 p. 120), so that the fact that a surveyor filed his claim for services in the report of a drainage proceeding, commenced under the older law, did not prevent the running of the statute of limitations as against such claim. p. 504.

From Superior Court of Allen County; *Carl Yaple,* Judge.

Proceeding by George Swisher against Arthur C. Fast and others to have a drainage proceeding redocketed for the purpose of determining and taxing fees claimed for services

rendered. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*John H. Aiken,* for appellants.
*Ballou, Hoffman & Romberg,* for appellee.

Morris, J.—In 1903 appellants joined in a petition to the Board of Commissioners of Allen County to establish a drain extending into more than two counties. §5677 Burns 1901, §4308 R. S. 1881. The petition was subsequently referred, for report, to viewers appointed by the boards of commissioners of the counties of Allen, Huntington, Wells, and Whitley. The proposed drain was never ordered established. Various proceedings were had, culminating in an appeal to the Superior Court of Allen County where the petition was dismissed for want of jurisdiction. This judgment was affirmed on appeal to this court. *Zintsmaster* v. *Aiken* (1909), 173 Ind. 269, 88 N. E. 509, 90 N. E. 82.

On January 31, 1912, appellee filed in the Allen superior court a petition which set out a history of said proceeding and alleged that appellee was employed by the viewers, appointed by the several boards, as engineer, and as such had rendered services of the value of $468, but never received any pay for the same. The petitioner prayed that the cause of action, to wit, *Zintsmaster et al.* v. *Aiken et al.,* formerly pending in the court, be redocketed and notice given to the parties to that proceeding, and a time fixed for the hearing of appellee's petition, and that the value of his services be adjudicated and taxed as costs in the proceeding. The court ordered the drainage proceeding redocketed, and directed the issuance and service of notice on the original petitioners, returnable February 15, 1912. In response to the notice appellants appeared and filed various paragraphs of answer, one of which pleaded the six-year statute of limitations as a bar. There was a trial by the court, with special findings of fact and conclusions of law. Appellants excepted to each

conclusion, judgment was rendered for appellee, against appellants for $468, and it was ordered that said amount be taxed as costs in the proceeding and that a fee bill issue therefor. Appellants made no objection to the form of the judgment. Error is assigned here on each conclusion of law.

Appellee contends that appellants failed to perfect a term time appeal, and because thereof moves to dismiss the appeal. The motion is overruled. The appeal was taken in term. He also claims that the special finding of facts is not in the record, and can not be considered. We are of the opinion that it is properly in the record.

The special finding contains a history of the proceedings of *Zintsmaster* v. *Aiken, supra,* from its inception to its final determination by this court. It is found that in September, 1904, the viewers appointed by the several boards of county commissioners, employed appellee as engineer, and that thereafter he worked in such capacity in said proceeding for 156 days, and that he was entitled to $3 per day for such services (Acts 1903 p. 120) ; that he never received any pay therefor; that neither the board of commissioners of Allen or any other county, nor any court, ever made any allowance for such services, or fixed or ascertained the value thereof; that appellee's first day's work was done on the —— day of September, 1904; that on November 29, 1905, the viewers, other than those from Wells County, filed a report, which was signed by appellee as engineer; that on January 10, 1906, the Board of Commissioners of Allen County ordered said report set aside, and the proceedings dismissed at petitioners' cost; that appellee completed his work when said report was filed on November 29, 1905; that this proceeding was commenced on January 31, 1912. The court concluded (1) that the law is with appellee, (2) that there is due him $468, and (3) that said amount should be taxed as costs.

Appellants earnestly contend that on the facts found the court erred in its conclusions because more than six years elapsed from the accrual of his cause of action to the time of the filing of his petition, and we are of the opinion that this contention must prevail. The action is on account, governed by the six-year statute. §294 Burns 1914, §292 R. S. 1881; *Nelson* v. *Board, etc.* (1886), 105 Ind. 287, 4 N. E. 703. The action cannot be deemed one on a bond, or on any contract in writing. Appellee's petition was properly filed in the drainage cause, and, in the absence of delay the court would have been authorized to adjudicate the amount due petitioner. *Moorhouse* v. *Kunkalman* (1912), 177 Ind. 471, 476, 96 N. E. 600; *Monger* v. *Pavey* (1912), 178 Ind. 666, 98 N. E. 625.

Appellee claims that the statute of limitations does not apply because appellee "had filed his claim in the report of the drainage commissioners as required by law". If such be the fact, it does not appear in the special findings. Moreover, if such claim had appeared in such report, it would have had no proper place therein. The report was not final. The ditch was never established. Counsel for appellee call our attention to §1 of the drainage act of 1905 (Acts 1905 p. 456), in relation to reports filed by surveyors. The act had no application to this proceeding. *Zintsmaster* v. *Aiken, supra.* It was commenced, and proceeded while it had life, under the act of 1881 as amended. §4308 *et seq.* R. S. 1881, §5677 *et seq.* Burns 1901; Acts 1903 p. 120; *Murray* v. *Gault* (1913), 179 Ind. 658, 662, 101 N. E. 632. Appellee's connection with this proceeding ended when he completed his services on November 29, 1905. At that time he might have filed with the auditor an itemized account of his services for allowance. Acts 1903 p. 120, §1. *Moon* v. *Board, etc.* (1884), 97 Ind. 176. As shown by the finding he delayed action for more than six years. The court erred in its legal conclusions. Judgment reversed with instructions to restate the conclu-

sions of law,' and for further proceedings in conformity with this opinion.

Erwin, C. J., not participating.

NOTE.—Reported in 107 N. E. 6. As to who may plead the statute of limitations, see 104 Am. St. 742. See, also, under (1) 25 Cyc. 1044.