## TAYLOR *v.* STRAYER ET AL.

[No. 20,694. Filed June 20, 1906.]

1. DRAINS.—*Right to Construct.—Legislative Discretion.*—There is no common-law right to construct a drain over another's land, and a sanction so to do, given by the legislature, may be withdrawn at the discretion of the legislature. p. 27.

2. CONSTITUTIONAL LAW.—*Police Power.—Statutes.—Power of Legislature to Repeal.*—The legislature may repeal or amend any statute relating to the public health or general welfare. p. 28.

3. STATUTES.—*Repeal.—Saving Clause.—Pending Actions.*—The repeal, without a saving clause, of a statute giving a right of action takes away all rights under such statute except those embodied in a final judgment. p. 28.

4. DRAINS. — *Lakes. — Statutes.—Repeal.—Saving Clause.*—The repealing clause of the act of 1905 (Acts 1905, pp. 456, 480, §14), providing: "Such repeal shall not affect any pending proceedings in which a ditch has been ordered established," does not save an action pending on appeal in the circuit court, though the board of commissioners had rendered a judgment establishing such drain. p. 28.

5. APPEAL AND ERROR.—*Judgment Appealed From.—Legal Effect.*—An order or judgment which is vacated by an appeal is, in legal effect, no order or judgment. p. 29.

6. JUDGMENT. — Final. — Legislative Power to Annul. — A final judgment, rendered in an action based upon a purely statutory right, cannot be arbitrarily set aside or annulled by the legislature.    p. 29.

7. TRIAL. — Issues. — Boards of Commissioners. — Appeal and Error.—Ordinarily, on an appeal from the board of commissioners, only the issues raised before such board may be litigated in the circuit court.    p. 29.

8. JUDGMENT.—Final.—Drains.—Board of Commissioners.—Appeal.—Where an appeal is taken from an order of the board of commissioners in a ditch proceeding, the establishment, if at all, of such ditch must be by order of the circuit court, either directly or by remanding the cause with directions to such board.    p. 29.

9. DRAINS.—Statutes.—Repeal.—Saving Clause.—The repealing clause of the act of 1905 (Acts 1905, pp. 456, 480, §14), providing: "Such repeal shall not affect any pending proceedings * * * in which there is no attempt to and which will not lower or affect any lake" covering ten acres, saves all pending ditch proceedings, except those draining such lakes, and they may be prosecuted to final judgment regardless of such act.    p. 30.

10. STATUTES.—Repeal.—Penalties.—Forfeitures.—Drains.—Section 248 Burns 1901, §248 R. S. 1881, providing: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide," refers only to penalties, forfeitures and kindred liabilities, and not to the establishment of drains.    p. 30.

11. SAME.—Repeal.—Saving Statutes.—Section 243 Burns 1901, §243 R. S. 1881, providing that no suits instituted under existing laws shall be affected by the repeal thereof, referred primarily to the laws of 1852, and the repealing clause of the act of 1905 (Acts 1905, pp. 456, 480, §14) is not controlled thereby.    p. 30.

12. COSTS.—Right of.—Drains.—Statutes.—Withdrawing Right of Action.—Where the statute granting a right to establish a certain kind of public drain is repealed without any saving clause as to the costs thereof, such costs fall, as at the common law, upon the parties making same.    p. 31.

13. TRIAL.—Issues.—Drains.—Appeal from Board.—Jurisdiction. —Statutes.—A plea to the jurisdiction, founded upon a statute passed subsequently to an appeal from the board of commis-

sioners in a drainage proceeding, should be entertained by the circuit court, though ordinarily only such issues may be litigated in the circuit court as were presented to such board. p. 31.

From Noble Circuit Court; *Edwin C. Vaughn,* Special Judge.

Proceedings by John N. Strayer and others to establish a drain, against which Henry L. Taylor remonstrates. From an order establishing said drain, remonstrant appeals. *Reversed.*

*John W. Hanan, Thomas R. Marshall* and *William L. Taylor,* for appellant.

*T. A. Redmond* and *L. H. Wrigley,* for appellees.

MONTGOMERY, J.—Appellees commenced this proceeding by filing a petition with the Board of Commissioners of the county of Noble, for the establishment of a ditch beginning in said county and terminating in Lagrange county, by virtue of the provisions of §§5655-5671 Burns 1901. Appellant, at the proper time, filed a remonstrance against the proposed ditch, and such proceedings were thereupon had as resulted in a judgment of the circuit court upon appeal dismissing the proceeding. This judgment was reversed upon appeal to this court. *Strayer* v. *Taylor* (1904), 163 Ind. 230. The cause was remanded to the lower court, and before further steps were taken therein the General Assembly passed a new drainage law and repealed all prior drainage statutes. Acts 1905, p. 456, §5622 *et seq.* Burns 1905. Section fourteen of the new act reads as follows: "All laws and parts of laws heretofore enacted in relation to drainage are hereby repealed, but such repeal shall not affect any pending proceedings in which a ditch has been ordered established or in which there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark, and such proceedings and all remedies in relation thereto shall be concluded and

be effective in all respects as if this act had not been passed. Nor shall this act be construed to repeal any act passed at this session of the General Assembly in relation to the construction of drains and sewers in counties having a city therein of not less than fifty-nine thousand nor more than one hundred thousand population according to the last preceding United States census, nor shall this act be deemed to repeal or affect any act passed at this session of the General Assembly to preserve the fresh-water lakes of the State of Indiana at their established level and to protect them from danger of being injuriously affected or destroyed: Provided, further, that such repeal shall not affect or be construed to repeal any other act upon the subject of drainage passed by the present General Assembly."

The same legislature passed a penal statute for the preservation of fresh-water lakes, section one of which reads as follows: "That it shall be unlawful for any person or persons, firm or corporation, to locate, dig, make, dredge, or in any manner construct, or for any court, or board of commissioners, or body of viewers or drainage commissioners, to order or recommend the location, establishment or construction of any ditch or drain cutting into or through, or upon the line of any fresh-water lake or lakes in the State of Indiana, or to locate, dig, make, dredge or in any way construct any ditch or drain, having a bottom depth lower than the present water line of such lake, within forty rods of any point on the line of such lake where the line or any portion thereof is known or ascertainable; or in case such line or any part thereof is lost and cannot be ascertained, within forty rods from high-water mark on the margin of such lake, such high-water mark to be the highest point on such margin to which such water has risen within the ten years last past." Acts 1905, p. 447, §5644 Burns 1905.

Other sections of the act made it unlawful so to interfere with the shores or banks of any such lakes as to lower the

waters thereof, or to interfere with any levee or dam constructed for the purpose of maintaining the present water level of any such lake.

After the taking effect of these statutes appellant filed a special, verified answer or plea to the jurisdiction of the court, in which he alleged that the proposed ditch will pass through the following fresh-water lakes in Noble county, to wit: Lake Shockopee, Hardy lake, Tamarack lake, and Mud lake, and also Nauvoo lake in Lagrange county; that it will lower the present level of said lakes eight feet in depth; that appellant is the owner of a dam by which the present water level of said lakes is maintained, and that the construction of the proposed drain will destroy said dam and thereby lower the water level of said lakes eight feet; that by the construction of the proposed drainage the banks and shores of said lakes will be so cut into and interfered with as to lower the water level of said lakes; that the waters of said lakes cover areas as follows: Shockopee, 120 acres; Hardy, 70 acres; Tamarack, 130 acres; Mud, 5 acres, and Nauvoo, 80 acres; that under the drainage act of 1905, *supra,* the rights of appellees were not preserved, but the proceedings contemplated under their petition were expressly forbidden and made unlawful, and the court is without authority further to entertain jurisdiction of the proceeding. Wherefore the court was asked to hear evidence as to the facts alleged, and to make such order as under existing laws the proof might warrant.

Appellees' demurrer to this answer for want of facts was sustained, to which decision appellant excepted. Error assigned upon this ruling presents the controlling question for decision.

No right to construct an artificial drain over the lands of others exists at common law. Drainage statutes are given or withheld in the discretion of the legisla-

1. ture, and when enacted may be modified or repealed at the pleasure of that body. It follows that one

legislature cannot determine the policy of its successor and forestall action which may be deemed expedient to protect the public health or to promote the public welfare. It is altogether plain that in the opinion of the General Assembly of 1905, the public interests require the preservation of fresh-water lakes having to exceed ten acres of surface. The drainage act of 1905, *supra,* expressly repealed all existing laws upon that subject. It is a well-settled principle that when a right of action, not existing at common law, is given by statute, a repeal of the statute without saving pending actions takes away the right of action in pending causes, which have not proceeded to final judgment. *Hunt* v. *Jennings* (1839), 5 Blackf. 195, 33 Am. Dec. 465; *Moor* v. *Seaton* (1869), 31 Ind. 11; *Roush* v. *Morrison* (1874), 47 Ind. 414; *Board, etc.,* v. *Ruckman* (1877), 57 Ind. 96; *Rupert* v. *Martz* (1888), 116 Ind. 72.

A very eminent authority states the rule as follows: " 'The effect of a repealing statute, I take to be to obliterate the statute repealed as completely from the records of parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted, and concluded while it was an existing law.' " Sedgwick, Stat. and Const. Law (2d ed.), 108.

In the case of *Hunt* v. *Jennings, supra,* Justice Blackford states the principle in the following words: "Whenever a statute from which a court derives its jurisdiction in particular cases is repealed, the court cannot proceed under the repealed statute even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute."

This proceeding was accordingly terminated with the repeal of the statutes under which it was established unless it falls within the saving provisions of section fourteen above set out. It is provided that the repeal "shall not affect any pending proceeding in which

a ditch has been ordered established or in which there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark." It is insisted by appellees' counsel that the proposed ditch, having been ordered established by the Board of Commissioners of the County of Noble, comes within the first of said saving clauses. We cannot agree with this contention. An order or judgment which has been vacated by an appeal is in legal contemplation no order, and the statute without doubt means that only such proceedings shall be saved under this clause as have proceeded to a final order or judgment for the establishment of the ditch, and in which nothing remains but the execution of such judgment. A final judgment recovered in the courts, vests the owner thereof with such interests as cannot be arbitrarily taken away, and it was entirely appropriate for the legislature to disclaim any intention to disturb such rights, and to remove all question as to the right to proceed with the construction of ditches so established and the collection of assessments made therefor. It is shown by the record that an appeal was properly taken from the order of the board of commissioners establishing the ditch in controversy, to the Noble Circuit Court. This appeal effectually vacated the judgment of the board of commissioners. It is true that ordinarily only such issues may be tried upon appeal as were tendered before the board, and it may be that the more important questions in this case have been finally disposed of before the board; yet it is by the judgment of the circuit court that this proposed ditch must be established, if it is ever established or constructed. When a final judgment for the construction of a ditch is rendered in the circuit court upon appeal, it may be executed by that court, or it may be certified back to the board for execution according to its terms. §§7864, 7865 Burns 1901, §§5777, 5778 R. S.

1881; *Sharp* v. *Malia* (1890), 124 Ind. 407; *Bonfoy* v. *Goar* (1895)., 140 Ind. 292; *Head* v. *Doehleman* (1897), 148 Ind. 145; *Trittipo* v. *Beaver* (1900), 155 Ind. 652; *Inwood* v. *Smith* (1901), 156 Ind. 687.

It was also the expressed intent of the legislature to save all pending ditch proceedings which had not progressed to final judgment, provided the proposed ditches were not designed to and would not affect lakes of the surface area named. This saving feature is in accord with the legal principle that where new legislation does not destroy a preëxisting right or deny a remedy for its enforcement, but merely modifies the proceedings, the jurisdiction continues under the forms directed by the later act, so far as the two acts are different. *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, and cases cited.

It is specifically alleged in appellant's answer that the proposed ditch will, if constructed, affect and lower the waters of the fresh-water lakes named, four of which are within the protection of the law. It is clear that the legislative purpose was to prevent and prohibit, under penalties, such action and results; and, taking the facts alleged as true, it is our conclusion that this proceeding, although pending, was not saved by any provisions of the repealing statute.

Appellees' counsel further invoke the saving provisions of §§243, 248 Burns 1901, §§243, 248 R. S. 1881. It is manifest that §248, *supra,* has no application to any feature of this case, but only relates to penalties, forfeitures and kindred liabilities.

Section 243, *supra,* constituted section two of an act of 1852, which was passed primarily to preserve rights vested and suits instituted under laws repealed by the legislature of 1852. In the revision of the statutes of 1881, similar provisions relating to existing rights of action and pending proceedings were enacted. Acts 1881, pp. 240, 389. In the exercise of the sovereign

power of the State, it was the prerogative of the legislature of 1905 to embody the policy of the State in such drainage laws as met its approval, and to repeal existing laws upon that subject, unhampered by any of the statutes mentioned.

Costs are given or withheld by statute, and the right to recover costs not already reduced to judgment must cease with the extinguishment of the right of action to which they are incident. It was clearly within the power of the legislature to change the laws and prohibit the drainage of lakes, even though such change of policy and prohibitory legislation result in individual inconvenience, hardship and loss. *State* v. *Richcreek* (1906), *post,* 217; *Chicago, etc., R. Co.* v. *People, ex rel.* (1906), 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596.

The law upon which the answer under consideration was based was enacted subsequently to the appeal from the board of commissioners, and it was proper for the circuit court to permit the filing of such answer, after the time when ordinarily the issues would have been finally closed. The facts averred therein are sufficient to bar the further prosecution of the proceeding, and the court erred in sustaining appellees' demurrer to the same.

The judgment is reversed, with directions to overrule appellees' demurrer to appellant's verified paragraph of answer, and for further proceedings in harmony with this opinion.