PARR v. PAYNTER.

[No. 11,447. Filed November 15, 1922.]

1. APPEAL.—*Presenting Questions for Review.—Conclusions of Law.—Failure to File Motion for New Trial.*—That appellant failed to file a motion for new trial does not preclude the taking of an appeal based on the action of the court in stating its conclusion of law. p. 640.

2. HUSBAND AND WIFE.—*Married Women.—Contracts of Suretyship.—Validity.—Statutes.*—Under §7851 Burns 1914, §5115 R. S. 1881, abolishing all legal disabilities of married women to make contracts, except as otherwise provided, and §7855 Burns 1914, §5119 R. S. 1881, which provided, before its repeal by Acts 1919 p. 90, that a married woman should not enter into any contract of suretyship, and that such contract, as to her, should be void, a contract of suretyship by a married woman was not void, but only voidable. p. 640.

3. STATUTES.—*Repeal.—Effect.—Absence of Saving Clause.*—Generally, in the absence of a legislative enactment to the contrary, the repeal of a statute without a saving clause, where no vested right is impaired, completely obliterates it, and renders it as ineffective as if it had never existed. p. 642.

4. HUSBAND AND WIFE.—*Married Women.—Contracts of Suretyship.—Voidability.—Statutes.*—A married woman who entered into a suretyship contract prior to the repeal of §7855 Burns 1914, §5119 R. S. 1881, making such contracts voidable, could not avoid her contract on the ground of coverture after the enactment of Acts 1919 p. 90, repealing such statute, without a saving clause, since the repeal of the statute did not impair any vested right conferred by statute; the statute having granted merely a privilege to avoid the contract, constituting only an inchoate right until exercised, which the legislature had the power to withdraw at any time. p. 642.

From Washington Circuit Court; *James L. Tucker,* Judge.

Action by Lucinda Paynter against Lulu M. S. Parr and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*Hottel & Mead,* for appellant.

*W. H. Paynter,* for appellee.

BATMAN, C. J.—This is an action on a promissory note, executed by appellant and her husband to appellee's assignor. After issues were joined on the complaint, and appellant's answer of coverture and suretyship, the cause was submitted to the court for trial. A special finding of facts, having been made, pursuant to request, a conclusion of law was stated thereon in favor of appellee, on which judgment was rendered against appellant and her husband. This appeal followed on an assignment of error based on the action of the court in stating its conclusion of law. Appellee has filed a motion to dismiss the appeal on the ground that appellant made no motion for a new trial in the court below. This fact, however, is immaterial since appellant bases her appeal on the action of the court in stating its conclusion of law. Appellee's motion to dismiss is therefore overruled.

Appellant, in support of her contention that the court erred in stating its conclusion of law in favor of appellee, cites the following facts found by the court, viz.: That the note in suit was executed on February 15, 1911; that at the time of its execution she was, and still is, a married woman, the wife of her codefendant in this action, and that she executed the same as surety for her said husband. Based on these facts she asserts that she is not liable on said note by reason of §7855 Burns 1914, §5119 R. S. 1881, which reads as follows: "A married woman shall not enter

into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void." On the other hand appellee cites the fact that said §7855, *supra,* was expressly repealed by an act of the General Assembly of 1919 (Acts 1919 p. 90), without any saving clause, and that this action was not begun until July 26, 1921. Based on these facts she contends that §7855 Burns 1914, *supra,* does not afford appellant a defense to the note in suit, and therefore the conclusion of law in question was correctly stated. In considering these opposing contentions it should be noted, that said §7855 Burns 1914, *supra,* is §4 of "An act concerning husband and wife," approved April 16, 1881, and that section 1 thereof reads as follows: "All the legal disabilities of married women to make contracts are hereby abolished except as herein otherwise provided." §7851 Burns 1914, §5115 R. S. 1881. It follows that the provision of said §4, *supra,* constitutes an exception under said §1. It was repeatedly held, in effect, prior to the repeal of said §4, *supra,* by the act of 1919, that a contract of suretyship by a married woman was not void by reason of its provision, but only voidable; that, since the right conferred by said section to avoid such contract, is based on coverture, a personal defense, it could be exercised only by such married woman, and her privies in blood, or representation, and that until so exercised such contract constituted a binding obligation. *Bennett* v. *Mattingly* (1887), 110 Ind. 197, 10 N. E. 299, 11 N. E. 792; *Lackey* v. *Boruff* (1899), 152 Ind. 371, 53 N. E. 412; *Irwin* v. *Marquett* (1901), 26 Ind. App. 383, 59 N. E. 38, 84 Am. St. 297; *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 94 N. E. 1027. The effect of said §§1 and 4 (§§7851 and 7855 Burns 1914, *supra*), in the light of the decisions cited, was to confer upon married women

the right to enter into contracts of suretyship the same as if they were unmarried, but reserved to them the privilege of avoiding the same, if they should elect so to do. This conclusion leads us to a consideration of the effect, which the repeal of said section 4 (§7855 Burns 1914, *supra*) had upon contracts of suretyship, entered into by married women prior thereto, where the privilege conferred thereby had not been exercised.

It may be stated, as a general rule, that, in the absence of a legislative enactment to the contrary, the repeal of a statute without a saving clause, where 3. no vested right is impaired, completely obliterates it, and renders the same as ineffective as if it had never existed. 25 R. C. L. 932; 36 Cyc 1224; 26 Am. & Eng. Ency. Law (2d ed.) 745; *Vance* v. *Rankin* (1902), 194 Ill. 625, 62 N. E. 807, 88 Am. St. 173; *Ex parte McCardle* (1869), 7 Wall. 506, 19 L. Ed. 264; *Brown* v. *Western State Hospital* (1909), 110 Va. 321, 66 S. E. 49; *Taylor* v. *Strayer* (1906), 167 Ind. 23, 78 N. E. 236, 119 Am. St. 469.

The repealing statute under consideration has no saving clause, and we find no statute in this state which would prevent an application of the general rule. 4. Therefore, we are only required to determine whether its application in the instant case would impair any vested right of appellant. It is clear that the repeal of said §7855 Burns 1914, *supra,* did not impair any right conferred by the contract in suit, but, if held to be applicable thereto, merely enables appellee to enforce the contract, which we must presume the parties intended to make. *Burget* v. *Merritt* (1900), 155 Ind. 143, 57 N. E. 714; *Ewell* v. *Daggs* (1883), 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682; *Mutual, etc., Co.* v. *Winne* (1897), 20 Mont. 20, 49 Pac. 446; *Wistar* v. *Foster* (1891), 46 Minn. 484, 49 N. W. 247, 24 Am. St. 241. As said in the case of *Burget* v. *Merritt, su-*

*pra*: "It is a contradiction in terms to say that the taking away of the means by which a contract may be repudiated or ignored and the providing of a remedy to enforce the contract as the parties made it is an impairment of the obligation of the contract." It follows that, if the repeal of said section impaired any right of appellant, it must have been one which the statute itself conferred. A mere reading of the section of the statute under consideration discloses that it conferred a right on all married women, viz.: A right to avoid their contracts of suretyship. But, in the instant case, was such right vested prior to the repealing act of 1919? In considering this question it should be borne in mind that all rights conferred by statute are not vested, but some are merely privileges, which remain inchoate until exercised. A vested right has been defined by one author as being "an immediate fixed right of present or future enjoyment," and by another as "an immediate right of present enjoyment, or a present fixed right of future enjoyment," as stated in *Peasall* v. *Great Northern R. Co.* (1895), 161 U. S. 646, 40 L. Ed. 838. It must be one which is immediate, absolute, complete, unconditional, perfect within itself, and not dependent upon a contingency. *State* v. *Hackman* (1917), 272 Mo. 600, 199 S. W. 990. As applying to the present or future enforcement of a demand, or a legal exemption from a demand made by another, it must be something more than a mere expectation, based on an anticipated continuance of an existing law. 1 Sutherland, Statutory Construction (2d ed.) 546; Cooley, Construction Limitation (6th ed.) 438. It is clear that the privilege conferred on married women by said §7855 Burns 1914, *supra*, cannot be classed as a vested right, but must be construed as mere privilege, which could only be exercised by them, and their privies in blood or representation, and if not so exercised is wholly foreign to any

contract of suretyship executed by them. Such privilege, until exercised, was merely an inchoate right conferred by the legislature, which it might have withdrawn at any time, and which was finally done by the act of 1919. This being true, the general rule stated above, as to the effect of repealing a statute, is applicable in the instant case, since it is not found that appellant took any steps to exercise the right conferred by said §7855 Burns 1914, *supra,* prior to its repeal.

That an inchoate right which has not been exercised may be terminated by a repeal of the statute conferring it, and thereby take away a defense to an action based on a prior contract, is generally recognized. 25 R. C. L. 937; 36 Cyc 1226; 26 Am. & Eng. Ency. of Law (2d ed.) 747; 1 Sutherland, Statutory Construction (2d ed.) 545; *Moor* v. *Seaton* (1869), 31 Ind. 11; *Burget* v. *Merritt, supra.* Such rights, while remaining inchoate, may be modified by subsequent enactments, so as to limit their effectiveness as a defense to existing contracts. *Berry* v. *Clary* (1885), 77 Me. 482, 1 Atl. 360. In the case of *Burget* v. *Merritt, supra,* the court quoted the following statement with approval: "A party has no vested right in a rule of law which would give him an inequitable advantage over another; and such rule may therefore be repealed and the advantage thereby taken away. To illustrate this remark: If by law a conveyance should be declared invalid if it wanted the formality of a seal; or a note void if usurious interest was promised by it; or if in any other case, on grounds of public policy, a party should be permitted to avoid his contract entered into intelligently and without fraud, there would be no sound reason for permitting him to claim the protection of the Constitution, if afterwards, on a different view of public policy, the legislature should change the rule, and give effect to his conveyance, note, or other contract, exactly according to the original

intention." The same statement was quoted again with approval in the later case of *Clarke* v. *Darr* (1901), 156 Ind. 692, 60 N. E. 688.

In the case of *Vance* v. *Rankin, supra,* the court quoted the following statement with approval: "The doctrine is, that inchoate rights, derived under a statute, are lost by its repeal, unless saved by express words in the repealing statute, and unless those rights have become so far perfected as to stand independent of the statute, * * * that is to say, executed. * * * The effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, and it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded while it was an existing law."

In the case of *Ewell* v. *Daggs, supra,* the court, after citing a number of decisions to the effect that the repeal of statutes with reference to usury, without a saving clause, operated retrospectively, so as to cut off the defense for the future, even in actions upon contracts previously made, said: "And these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle upon which they are to be supported is, that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation; and that, whatever the statute gives, under such circumstances, as long as it remains *in fieri,* and not realized, by having passed into a completed transaction, may, by a subsequent statute be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law,

he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur." This statement was quoted with approval in the later case of *Mutual, etc., Co.* v. *Winne, supra,* and also in the case of *Gross* v. *U. S. Mortgage Co.* (1883), 108 U. S. 477, 2 Sup. Ct. 940, 27 L. Ed. 795, wherein the court, in discussing an act which had the effect of withdrawing a defense to a mortgage, existing by reason of a statutory inhibition in force at the time of its execution, said: "That the act in question is not repugnant to the Constitution, as impairing the obligation of a contract, is, in view of the settled doctrines of this court, entirely clear. Its original invalidity was placed by the court below upon the ground that the statutes and public policy of Illinois forbade a foreign corporation from taking a mortgage upon real property in that state to secure a loan of money. Whether that inhibition should be withdrawn was, so far at least as the immediate parties to the contract were concerned, a question of policy rather than of constitutional power. When the legislative department removed the inhibition imposed, as well by statute as by the public policy of the State, upon the execution of a contract like this, it cannot be said that such legislation, although retrospective in its operation, impaired the obligation of the contract. It rather enables the parties to enforce the contract which they intended to make. It is, in effect, a legislative declaration that the mortgagor shall not, in a suit to enforce the lien given by the mortgage, shield himself behind any statutory prohibition or public policy which prevented the mortgagee, at the date of the mortgage, from taking the title which was intended to be passed as security for the mortgage debt."

Married women cannot rightfully complain because they can no longer avoid their contracts of suretyship, executed prior to the repeal of said §7855 Burns 1914,

*supra,* as they must be held to have known, at the time they entered into the same, that the legislature had the right to withdraw the privilege conferred thereby, and the effect of such withdrawal on any inchoate rights which might exist in their favor thereunder. For the reasons stated, we cannot say that the court erred in its conclusion of law. Judgment affirmed.