ATKINS ET AL. v. VAL BLATZ BREWING COMPANY.

[No. 11,326. Filed January 5, 1923. Rehearing denied March 28, 1923. Transfer denied May 10, 1923.]

HUSBAND AND WIFE.— Married Women.— Contracts of Suretyship.—Avoidability.—Statutes.—Where a wife signed a note and mortgage to her husband's creditor to secure the payment of the husband's debt prior to the repeal of §7855 Burns 1914, §5119 R. S. 1881, making suretyship contracts of married women voidable, she could not avoid liability under the provisions of such statute after the repeal thereof by Acts 1919 p. 90.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by the Val Blatz Brewing Company against Samuel T. Atkins and others. From a judgment for plaintiff, the defendants appeal. Affirmed.

Ibach, Gavit, Stinson & Gavit, for appellants.

Frederick C. Crumpacker, Edwin H. Friedrich and Frank L. Greenwald, for appellee.

ENLOE, J.—This was an action by the appellee to foreclose a mortgage on certain real estate situate in Lake county, Indiana.

It appears from this record that in November, 1911, the appellant, Samuel T. Atkins, executed to his coappellant, Mary Winkler, his promissory note in the sum of $2,000, due five years after date, and that to secure

VOL. 79—40

the payment of the same when it should become due, he executed the mortgage sought to be foreclosed in this suit.

It further appears that in February, 1913, the appellant Ernest M. Winkler who is and was the husband of the said Mary Winkler, purchased of the appellee a saloon, in the city of Chicago, Ill., in which city the appellants Winkler then resided, and that in the transaction of the purchase of said saloon the note and mortgage involved in this suit were transferred to the appellee herein. The said note becoming due and remaining unpaid, this suit was brought for the purpose above stated.

There was a trial, finding and decree of foreclosure as prayed, from which this appeal is prosecuted.

The only questions presented for our consideration on this appeal relate to the alleged incapacity of the appellant Mary Winkler a *feme covert,* to assign the note and mortgage in question. This question the appellants sought to raise by their sixth paragraph of answer, in which paragraph it was alleged that at the time of the assignment and transfer of said note and mortgage to appellee, the appellant Mary Winkler was a married woman, the wife of said Ernest Winkler, and that she transferred said note and mortgage to the appellee to secure a debt then owing by her said husband to said appellee, and that she received no part of the consideration out of which said indebtedness arose. The same question is also raised by appellants' motion for a new trial. The above mentioned paragraph of answer was filed on September 22, 1920, and the question presented for our consideration in this case is: Was the defense of suretyship, as provided in §7855 Burns 1914, §5119 R. S. 1881, available to the appellant Mary Winkler?

It will be noted that said §7855 Burns 1914, *supra,* was expressly repealed by the legislature in 1919, Acts

1919 p. 90, without any saving clause. In the recent case of *Parr* v. *Paynter,* 78 Ind. App. 639, 137 N. E. 70, this court held that said §7855 Burns 1914, *supra,* was of such character that no person could claim a vested right therein, and that married women cannot rightfully complain because they can no longer avoid their contracts of suretyship, executed prior to the repeal of said section, and that the defense of suretyship is no longer available to married women in this state.

Under the authority of *Parr* v. *Paynter, supra,* the said sixth paragraph of answer presented an immaterial issue; the matters therein set forth did not constitute a defense to the cause of action stated in appellee's complaint, and there was, therefore, no error committed in overruling appellants' demurrer to appellee's reply thereto.

We find no error in this record. Judgment affirmed.