HEATH ET AL. *v.* FENNIG ET AL.

[No. 27,670.   Filed March 23, 1942.]

*Ernest E. Chenoweth* and *Malcolm V. Skinner,* both of Portland, for appellants.

*Roscoe D. Wheat,* of Portland, and *John L. DeVoss,* of Decatur, for appellees.

ROLL, J.—Prior to January 1, 1927, William Fennig and other land owners commenced proceedings in the Adams Circuit Court for the establishment and construction of a ditch or drain commonly known as the Wabash River. The proposed drain, if established, would affect lands in Mercer County, Ohio, and Jay, Adams, and Wells Counties, Indiana. The greatest length of said proposed drain was in Adams County, and the proceedings therefore were filed therein, under the name and caption of Ex Parte William Fennig et al, and being known as No. 12646 upon the docket of the Adams Circuit Court; that the proceedings were commenced and prosecuted under the laws of the State of Indiana then in force, providing for the establishment and construction of an interstate ditch or drain.

On February 18, 1933, the Adams Circuit Court by its order and judgment in said proceeding established

said drain and approved and confirmed assessments of benefits and damages made and levied against the several tracts of land, easements, rights of way, public highways, etc., located in Adams, Jay, and Wells Counties affected by the establishment and construction of said drain, all as set forth in the report of the joint board of drainage commissioners appointed in said cause. The court appointed Homer Teeters as drainage commissioner to superintend the construction of said ditch; that from said final judgment establishing said ditch an appeal was perfected to this court and the judgment of the Adams Circuit Court was in all things affirmed. Said decision was rendered on January 16, 1937. (See *Board of Comm. Adams County* v. *Fennig* [1937], 211 Ind. 411, 5 N. E. [2d] 639.)

On December 17, 1941, appellants herein filed their plea in abatement to said proceedings. The reasons alleged in said plea were based upon the provision of Chapter 22 of the Acts of General Assembly of the State of Indiana for the year 1937, pages 135 and 136. Appellees filed a demurrer to this plea and the demurrer was sustained. Appellants then filed their verified motion to dismiss the entire proceedings, and assigned in said motion the same ground as was set out in the plea in abatement. This motion was also overruled. Appellants appeal and assign as error the sustaining of the demurrer to the plea in abatement and the overruling of their verified motion to dismiss.

Appellants contend under the above assigned error that by chapter 22 of the above acts, the Adams Circuit Court is without jurisdiction to proceed further with the construction of said ditch and that all the proceedings theretofore had are a nullity. Section 1 of chapter 22, Acts 1937 reads as follows:

"That all proceedings for the establishment and construction of any ditch or drain in this state,

which were commenced, prior to the first day of January, 1927, under any law of this state, and where no contract has been awarded for the construction of any part of the proposed ditch or drain, are hereby abrogated, conclusively terminated, and are hereby declared to be null and void."

Section 2 of said act provides:

"No circuit or superior court in this state shall have or possess any power or authority, and is hereby divested of any and all jurisdiction, to hear, adjudicate, determine or otherwise make any disposition of any such proceeding or of any cause connected with or growing out of any such proceeding, and no persons shall maintain, and is hereby divested of any and all right to maintain, any suit or action at law or in equity in any such circuit or superior court for the further prosecution, adjudication, hearing or determination of any such drainage proceeding, or of any cause connected with or growing out of any such drainage proceeding."

This act was approved February 27, 1937, and took effect upon that day by virtue of section 3 which contains an emergency clause.

If the above act be construed as taking away from the Adams Circuit Court jurisdiction to execute the judgment therein entered or as nullifying the judgment of that court, we think the act must be held unconstitutional as being repugnant to Article 1, Section 24 of the Constitution of the State of Indiana, in that said act would impair the obligation of a contract.

Obligations of a valid contract are protected by both our State and Federal Constitutions. It has been held in this State in *Johnson* v. *Gebhauer* (1902), 159 Ind. 271, 275, 64 N. E. 855 as follows:

"A judgment is a contract of record, and its obligation is impaired whenever the observance of those forms and rules of procedure in force when

it was obtained, and by which it is protected and sustained, are annulled or set aside."

The above quotation was approved in *State ex rel. Youngblood* v. *Warrick Circuit Ct.* (1935), 208 Ind. 594, 196 N. E. 254.

It must be remembered that the proceedings in the case at bar had advanced to final judgment, and if we hold that the above act is applicable to this case, then it necessarily follows that the Legislature has vacated and set aside and made void a final judgment of a court of competent jurisdiction. The judicial power is vested in the courts by Section 1, Article 7 of the Constitution, and may not be exercised by the Legislature.

It long has been the rule in this State that whenever a statute can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the court. *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469; *Hays* v. *Tippy* (1883), 91 Ind. 102; *Warren, Auditor,* v. *Britton, Treasurer* (1882), 84 Ind. 14; *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340. So it is our duty, if it can be done reasonably, to so construe chapter 22 as not to violate the constitutional provision above mentioned and to give it such interpretation and application as will uphold the statute.

In *Taylor* v. *Strayer* (1906), 167 Ind. 23, 27, 78 N. E. 236 the court said:

"No right to construct an artificial drain over the lands of others exists at common law. Drainage statutes are given or withheld in the discretion of the legislature, and when enacted may be modified or repealed at the pleasure of that body. It follows that one legislature cannot determine the policy of its successor and forestall action which

may be deemed expedient to protect the public health or to promote the public welfare. . . . It is a well-settled principle that when a right of action, not existing at common law, is given by statute, a repeal of the statute without saving pending actions takes away the right of action in pending causes, which have not proceeded to final judgment."

Sedgwick, Stat. and Const. Law (2d ed.), 108 says:

"The effect of a repealing statute, I take to be to obliterate the statute repealed as completely from the records of parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted, and concluded while it was an existing law."

So it seems clear that the Legislature has authority to put an end to all ditch or drainage proceedings at any stage thereof before final judgment but it has no authority and no power to nullify final judgments of a court of competent jurisdiction nor does it have the power to impair the rights and obligations created and vested by such final judgment.

Chapter 22, *supra,* can therefore be sustained if it can be said that the said act applies only to ditch proceedings pending in the courts of this State which had not reached the stage of final judgment. The first clause of the first section says:

"That all proceedings for the establishment and construction of any ditch or drain in this state, . . ."

It seems clear to us that the Legislature had in mind proceedings for the establishment and construction of ditches or drains that were pending, in the various courts of the state, which under the above authorities, it had power to do, and that they did not intend for the provisions of the act to extend to and apply to proceedings that had terminated in a final judgment.

In *Perkins* v. *Hayward* (1892), 132 Ind. 95, 99, 31 N. E. 670, the court says:

"The drainage law, under which these proceedings were had, contemplates that after judgment has been rendered by the court establishing a ditch and ordering its construction, the case shall still remain upon the docket of the court while the ditch is in progress of construction. The ditch commissioner, to whose supervision the work is entrusted, acts throughout under the direction of the court. Section 4279, R. S. 1881.

"Only when he reports, showing the work done, does it finally disappear from the docket.

"It does not follow, however, that the entire proceeding is *in fieri* during all this time. The statute contemplates adversary proceedings. Provision is made for bringing before the court all persons interested in or affected by the work. Issues may be formed and tried, as was done in this case. But the judgment, establishing the ditch and ordering its construction, is a final judgment, which terminates the adversary proceedings.

"It is, thereafter, on the docket only for the purpose of carrying into effect the judgment actually rendered, and not for any action modifying or changing that judgment. So far, therefore, as the adversary proceedings are concerned, it is no longer *in fieri*, after the expiration of the term when the judgment was rendered. After that time the court can make no order changing, modifying or correcting the judgment, except upon notice, again bringing the parties before it, or upon their voluntary appearance."

In view of the above holding, namely, that a judgment establishing a ditch is a final judgment, and in view of the rule which requires this court to so construe a statute as to avoid conflict with the Constitution, we think chapter 22 of the above act can be upheld and sustained by adopting the construction that said act applied to proceedings for the establishment and construction of a ditch or drain that is still

pending and that it has no application to a proceeding that has reached final judgment. If this construction is adopted, and we think it must be, said statute is not in conflict with the constitutional provisions mentioned and it can be upheld as a valid act of the Legislature. Consequently, said act has no application whatever to the proceeding in this case, and therefore there was no error of the court in sustaining the demurrer to the plea in abatement, or in overruling appellant's verified motion to dismiss.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 329.