**Dona MARTIN, Plaintiff-Appellant,**

v.

**SIMPLIMATIC ENGINEERING CORPORATION,**
**Defendant-Appellee.**

**No. 1-178A13.**

Court of Appeals of Indiana,
First District.

June 12, 1979.
Rehearing Denied July 18, 1979.

Robert E. Rheinlander, Trockman & Flynn, Evansville, for plaintiff-appellant.

Robert H. Hahn, Evansville, for defendant-appellee; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.

LYBROOK, Judge.

Dona Martin (Dona) was severely injured when she suffered the amputation of the fingers of her right hand while in the employ of the Mead Johnson Company. The injury occurred when she caught her fingers in a sprocket of a conveyor belt assembly system. The system was designed and manufactured by Simplimatic Engineering Corporation (Simplimatic) and Simplimatic sold and delivered the system to Mead Johnson.

Dona brought suit against Simplimatic, alleging that they were negligent in designing and manufacturing the machine, that they had breached an implied warranty of merchantability, and that they were strictly liable in tort. The jury did not agree with Dona's allegations, and returned a verdict for Simplimatic on all three counts. Thereafter, Dona filed a timely motion to correct errors and a timely praecipe; this appeal results.

We affirm.

Dona presents the following issues for our review:

(1) Whether the court erred in refusing to give to the jury Dona's tendered instruction number 8, which would have charged the jury that a violation of the Indiana Dangerous Employment Act (Ind. Code 22–11–4–4 (repealed effective September 1, 1971)) by the manufacturer of a conveyor, constituted negligence.

(2) Whether the court erred in refusing to give to the jury Dona's tendered instruction number 9, which purported to charge the jury that if Dona's employer relied upon Simplimatic's expertise in manufacturing the conveyor, then in determining Simplimatic's liability the jury could consider whether Simplimatic failed to comply with certain regulations adopted by the Indiana Commissioner of Labor.

I.

Ind. Code 22–11–4–4, the Indiana Dangerous Employment Act, was in effect when Simplimatic designed and manufactured the conveyor belt assembly system. Therefore, at the time of manufacture, and at the time of installation, Simplimatic would have come under the provisions of the statute. However, Dona's injury did not occur at the time of manufacture or at the time of installation. Some eight and one-half months prior to Dona's injury the Dangerous Employment Act was repealed. It is the general rule under the common law in this State that, "in the absence of a legislative enactment to the contrary, the repeal of a statute without a saving clause, where no vested right is impaired, completely obliterates it, and renders the same as ineffective as if it had never existed." *Parr v. Paynter*, (1922) 78 Ind.App. 639, 642, 137 N.E. 70, 71. *See County of Dept. of Pub. Welfare of Potthoff*, (1942) 220 Ind. 574, 584, 44 N.E.2d 494; *Heath v. Fennig*, (1942) 219 Ind. 629, 632, 40 N.E.2d 329; *Taylor v. Strayer*, (1906) 167 Ind. 23, 30–31, 78 N.E. 236.

This common law rule is tempered by Ind. Code 1–1–5–1 which governs the effect of a repealed statute. The statute states:

"Whenever an act is repealed, which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to

release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

As a result of the case law and Ind. Code 1–1–5–1, the question becomes whether or not Simplimatic had incurred any liability to Dona under the Dangerous Employment Act prior to its repeal, September 1, 1971.

■ Dona's cause of action did not exist on September 1, 1971, and Simplimatic had incurred no liability to her at that time. Perhaps Dona possessed a contingency on September 1, but her injury had not yet occurred and no right to a cause of action had vested in her. In order for a right to vest or a liability to be incurred "[i]t must be one which is immediate, absolute, complete, unconditional, perfect within itself, and not dependent upon a contingency." *Parr, supra,* 78 Ind.App. at 643, 137 N.E. at 71.

■■ The fact that great hardships may result cannot have the effect of limiting the legislative power to repeal or modify. *Cleveland, Cincinnati, Chicago & St. Louis Railway Company et al. v. Mumford et al.,* (1935) 208 Ind. 655, 197 N.E. 826. Since the Dangerous Employment Act was repealed before Dona's injury occurred, the trial court properly refused to give Dona's instruction 8, which instruction pertained to the Dangerous Employment Act.

■ Dona next alleges that the trial court committed reversible error when it failed to give her instruction 9 to the jury. Instruction 9 would have had the jury consider regulations issued by the Indiana Commissioner of Labor pursuant to Ind. Code 22–1–1–11 in determining Simplimatic's liability. The essence of the instruction referred to the Commissioner's applicable regulation, *Ind.Admin.Rules & Regs.* (22–1–1–11)–F5 at 5(a) (Burns Code Ed.), stating that sprockets:

". . . shall be completely inclosed or fitted with a band guard covering the face and having side flanges extending inward beyond the root of the teeth. In the case of arm or spoke gears or sprockets having a spoke hazard, provisions shall be made to guard the opening arms or spokes . . . .."

The instruction also included *Rules* (22–1–1–11) F1–1(a) and 1(b) (Burns Code Ed.), providing that:

"The scope of these rules made by the commissioner of labor comprises rules made primarily for the purpose of prevention of personal injuries to employees due to accidents.

The following definitions shall apply in connection with all rules made by the Commissioner of labor:

Guarded. Unless otherwise specified, the term 'guarded' shall mean that the object is so covered, fenced or inclosed that accidental contact with the point of danger is reasonably remote.

Guarded by location. 'Guarded by location' means that the object is so located that it is not 'exposed to contact.'."

Instruction 9 was completed by the statement:

"If you find from a preponderance of the evidence that Mead Johnson and Company relied on the expertise of the defendant in providing and manufacturing the conveyor system that would comply with the above-stated regulation and if you further find that the defendant failed to comply with that regulation then that failure may be considered by you in your determination of the issue of the defendant's liability."

Dona's instruction 10, however, which was given by the trial court, adequately covered the subject matter and context of Dona's instruction 9. Instruction 10 stated:

"There was in force at the time when the conveyor system was manufactured, sold, delivered and installed, a standard adopted by the American Society of Mechanical Engineers and published under the title 'Safety Standards for Conveyors and Related Equipment' and promulgated under

the auspices of the American National Standards Institute designated B20.1 the following paragraphs which provided in part:

'5.14.1.6

Nip point means that point at which a machine element moving in a line meets a rotating element in such a manner that it is possible to nip, pinch, squeeze, or entrap objects coming into contact with one of the two members

. . .

5.14.2.1

Moving machine parts. All moving machine parts shall, if feasible, be guarded . . . They may be guarded by shield guards, trough guards or railing guards. In particular, all nip and shear points shall be guarded.'

If you find from a preponderance of the evidence that the Defendant failed to observe the standards before the occasion in question, such conduct may be considered by you along with the rest of the evidence in deciding the issue of the liability of the Defendant as to its negligence or manufacture of a defective product."

Dona's theory is that instruction 9 should have been given because if Simplimatic failed to uphold its duty under *Rules* (22–1–1–11) F1 and F5, then it is presumptively negligent *per se* and must rebut such presumption to avoid liability. This court cannot agree with Dona's contention.

Instruction 9 and 10 are very similar in that both require the guarding of sprockets at a point where something might get caught, pinched or squeezed in the sprocket. Instruction 9 established a standard that:

"Gears, friction drives, sprockets and chains except where guarded by their location, shall be guarded as follows:

. . . sprockets shall be completely inclosed or fitted with a band guard covering the face and having side flanges extending inward beyond the root of the teeth.

. . . [U]nless otherwise specified, the term 'guarded' shall mean that the object is so covered, fenced or inclosed that accidental contact with the point of danger is reasonably remote."

The jury was actually instructed, however, according to instruction 10 which established the following standard:

"All moving machine parts shall, if feasible, be guarded . . . They may be guarded by shield guards, trough guards or railing guards. In particular, all nip and shear points shall be guarded."

The two standards are essentially the same. In fact instruction 10 was equally or more favorable to Dona than instruction 9 in that it did not contain the requirement that to be applicable the jury was first required to find that *Mead Johnson* relied upon *Simplimatic's* expertise in complying with the regulation. It is harmless to refuse to give an instruction when the subject and context of the instruction are contained in other instructions which were given to the jury. *Hirsch v. Merchant's National Bank & Trust Co.*, (1975) Ind.App., 336 N.E.2d 833; *Hobby Shops, Inc. v. Drudy*, (1974) 161 Ind.App. 699, 317 N.E.2d 473. Therefore, it was not error for the trial court to give instruction 10 in lieu of instruction 9.

Furthermore, the Commissioner of Labor, pursuant to Ind. Code 22–1–1–11, is only authorized ". . . to adopt, amend or repeal reasonable rules, applicable to either employers or employees, or both, for the prevention of accidents . . . ." Ind. Code 22–1–1–11(a). Additionally, by reading Ind. Code 22–1–1–1—22–1–1–21, the tenor of the statutes is that they apply to employers, places of employment, and employees within the jurisdiction of the Department of Labor, division of labor. For example, Ind. Code 22–1–1–10 states:

"Every employer and place of employment under the jurisdiction of the division of labor created by this act [22–1–1–1—22–1–1–21], shall furnish employment which shall be safe for the employees therein, and shall furnish and use safety devices, safeguards, methods and processes reasonably adequate to render any such employment and place of em-

ployment safe, and shall do every other thing reasonably necessary to protect the safety of such employee."

In the case at bar, Simplimatic Corporation was not the employer of Dona Martin, and any regulation adopted by the Department of Labor pursuant to Ind. Code 22–1–1–11 was not applicable to Simplimatic. Therefore, Simplimatic could not be found negligent *per se* on the theory that they breached *Rules* (22–1–1–11) F1 and F5 (Burns Code Ed.).

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.