**Jeffrey MAYNARD and Patricia Maynard, Appellants,**

v.

**FLANAGIN BROTHERS, INC., Appellee.**

**No. 3–1084 A 273.**

Court of Appeals of Indiana, Third District.

Oct. 24, 1985.

Michael S. Baechle, Patrick J. Dougherty, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellants.

F. Joseph Jaskowiak, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

STATON, Presiding Judge.

Maynard appeals from a summary judgment in favor of Flanagin Brothers. Two issues are presented for our review:

I. What statute did the Indiana Department of Labor rely upon for its authority to pass construction industry regulations?

II. Does the statute relied upon by the Department of Labor actually grant that power to the Department?

Reversed.

When the sides of a 16 foot deep trench collapsed, Maynard was buried in mud and received severe personal injuries. The trench had been excavated for sewer lines. It had not been shored or sloped to prevent such accidents.

For purposes of a summary judgment proceeding, Flanagin Brothers, Inc. was a prime contractor. The owner of a subdivision accepted a bid from K. Klem, Maynard's employer, to do the sewer work; Klem subcontracted the excavation work to Smit and Sons. Maynard sued all three contractors.

Summary judgment was granted in favor of Flanagin based on the general rule that a prime contractor is not liable to injury to servants of an independent contractor. Maynard argued the trial court should apply one of the five exceptions to the general rule because Flanagin was charged by law or contract with a specific duty. The basis for this duty, Maynard contended, was found in the construction industry regulations. Among other things, the regulations required all trenches deeper than six feet to be either shored or sloped. The trial court held the construction industry regulations were promulgated by the Department of Labor under the authority of

the Occupational Safety and Health Act (OSHA), and OSHA stated the Act does not create a private right of action. Therefore, the court held Flanigan owed no duty to Maynard.

The facts are not in dispute. We apply the same standard on review as the lower court. *Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347.

## I.

### Statute

The parties dispute which statute gives the Department of Labor the authority to promulgate regulations covering the construction industry. The significance of the distinction is that rules promulgated under the Occupational Safety and Health Act (OSHA), as Flanagin contends the construction industry rules were, specifically states such rules do not create a private right of action. *See* IND.CODE 22–8–1.1–48.3. Accordingly, Flanagin feels the trial court was correct in holding no duty was owed to Maynard.

■ Statutory authority citations are not a part of the official text of any rule or regulation and do not affect the meaning, application or construction of any rule. IND.CODE 4–22–2–11(b)(4). Where the official text of the regulation states the statute from which it draws its authority, it can be assumed the agency passing the regulation did indeed rely on that particular statute.

The construction industry regulations promulgated by the Division of Labor specifically state:

"(B) Authority—

(1) The authority for the administration and enforcement of this Code [*620 IAC 5–1*] will be found in the Indiana Acts of 1945, Chapter 334, Burns' 40–2130–2150 [*IC 22–1–1*]."

610 IND.ADMIN.RULES 5–1–1(B)(1).

Within IC 22–1–1 the only provision granting the Department of Labor power to adopt regulations is IC 22–1–1–11(a):

"In addition to such other powers and duties as may be conferred upon him by this act or by any other law, the commissioner of labor is hereby authorized and directed:

(a) To investigate and adopt rules prescribing what safety devices, safeguards or other means of protection shall be adopted for the prevention of accidents in every employment or place of employment, and to determine what suitable devices, safeguards, or other means of protection for the prevention of industrial accidents or occupational diseases shall be adopted or followed in any or all such employments or places of employment, and to adopt, amend or repeal reasonable rules, applicable to either employers or employees, or both, for the prevention of accidents and the prevention of industrial or occupational diseases; and" (Footnote omitted.)

We hold IC 22–1–1–11(a) is the statute that the Department of Labor relied upon as granting it the power to pass regulations covering the construction industry.

## II.

### Statutory Power

Flanagin argues IC 22–1–1–11(a) allows the Department of Labor to adopt regulations governing employers and employees but not prime contractors. Thus, the regulations cannot impose a specific duty on Flanagin.

■ A general or prime contractor is not liable for injury to an employee of an independent contractor. *Prest-O-Lite Co. v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365, 367. Five exceptions [1] exist to this rule,

---

1. The other four exceptions are:
   a. the work contracted for is intrinsically dangerous
   b. the work will create a nuisance
   c. harm will probably result unless due precautions are taken; and
   d. the act to be performed is illegal
   *Denneau v. Indiana & Michigan Electric Company* (1972), 150 Ind.App. 615, 277 N.E.2d 8, 12.

but the only exception applicable here is where a party by law or contract is charged with a specific duty.

The construction industry regulations do apply to prime contractors, and they do impose a specific duty on contractors. To support this conclusion, we begin our analysis by setting out the pertinent parts of the regulations and by examining the split of opinions which exist among the different districts of the Court of Appeals.

The regulations are as follows:

"Sec. 1. ADMINISTRATION AND DEFINITIONS.

(A) Purpose—

(1) The intent and purpose of this Code [*610 IAC 5–1*] is to provide and establish minimum standards flexible enough to cover all phases of construction.

(2) This Code [*610 IAC 5–1*] or rule shall be administered by the Commissioner of Labor and his duly authorized representatives.

(C) Definitions and Interpretations—

(1) The words 'shall' and 'will' shall be deemed mandatory.

(2) The words 'should' and 'may' shall be deemed advisable.

(3) This code [*610 IAC 5–1*] shall apply to all persons, firms, or corporations engaged in the general construction industry.

(4) The term general construction industry shall be deemed to include all phases of construction of ... sewers, excavations ...

\* \* \* \* \* \*

(6) The prime contractor of a project shall be deemed as being responsible for compliance with the provisions of this Code. In the event there is more than one prime contractor on a project, each shall be responsible for compliance of this Code [*610 IAC 5–1*] within the area of his jurisdiction.

(7) In the event the prime contractor sub-lets all or parts of the prime contract, the sub-contractors shall be jointly responsible with the prime contractor for compliance with this Code [*610 IAC 5–1*],

within the area of the sub-contractors jurisdiction.

(8) The term 'prime contractor' shall be interpreted as being the person, firm or corporation that is responsible to the awarding unit for direct or indirect completion of all or part of the over-all project.

\* \* \* \* \* \*

(24) Shoring and/or bracing shall be placed in every trench over six feet in depth, regardless of soil type, excepting solid rock, unless banks are sloped.

(25) Shoring and bracing shall be carried down with trench.

\* \* \* \* \* \*

(28) The bracing and shoring of trenches shall be carried along with the excavation and shall not be omitted. Where a backhoe or ditching machine is used, shoring shall be placed as close as possible to the lower end of the boom."

\* \* \* \* \* \*

610 IAC 5–1–1 to –14.

The first case addressing the applicability of the construction regulations was decided by the Second District in 1974. *Jones v. Indianapolis Power & Light Co.* (1973), 158 Ind.App. 676, 304 N.E.2d 337.

The First District followed the *Jones v. IPALCO* rationale in *Hale v. Peabody Coal Company* (1976), 168 Ind.App. 336, 343 N.E.2d 316. The rationale used in *Hale* was:

"It has been previously held that these regulations do not apply beyond the basic employer-employee relationship and do not affect the common law rule exempting the contractee from liability to the employees of an independent contractor. *Jones v. Indianapolis Power and Light Co., supra.* This result is consistent with the statute authorizing the regulations which reads in part:

'... the commissioner of labor is hereby authorized ... (a) to ... adopt rules ..., *applicable to either employers or employees,* or both ...' (Emphasis

added.) IC 1971, 22–1–1–11, Ind.Ann. Stat. 40–2140 (Burns 1965 Repl.).

Since Powered was not Hale's employer in the present case, the rules and regulations cited by Hale are inapplicable."

*Hale,* 343 N.E.2d at 323.

We do not agree with the rationale in *Hale. Jones v. IPALCO* held the defendant in that case was not a prime contractor so the construction industry rules imposed no duty. We do not disagree with that holding, but we do disagree with both *Jones v. IPALCO* and *Hale* in holding that IC 22–1–1–11 authorizes the promulgation of regulations that cover *only* employers or employees and not contractors.

A comparison of the statute partially cited by *Hale* [2] with the statute set out in full, *supra,* shows it was intended to provide authority for more than just the adoption of rules for employers or employees. The first part of the statute allows for the commissioner of labor to "investigate and adopt rules ... for the prevention of accidents in *every employment or place of employment ...*" (emphasis added). The second part of the statute allows the commissioner to "adopt, amend or repeal reasonable rules applicable to either *employers or employees.*" (emphasis added). Both parts of the section authorize regulations for the purpose of preventing "industrial accidents or occupational diseases." Clearly, the legislature meant to allow regulations covering the construction industry when it referred to "every employment or place of employment." To hold otherwise is to render half of the statute without meaning.

In 1985 the legislature amended IC 22–1–1–11. Note the changes that were made:

~~(a)~~(1) To investigate and adopt rules under IC 4–22–2 prescribing what safety devices, safeguards, or other means of protection shall be adopted for the prevention of accidents in every employment or place of employment ~~and~~ to determine

what suitable devices, safeguards, or other means of protection for the prevention of industrial accidents or occupational diseases shall be adopted or followed in any or all ~~such~~ employments or places of employment, and to adopt ~~amend, or repeal reasonable~~ rules under IC 4–22–2 applicable to either employers or employees, or both, for the prevention of industrial or occupational diseases. ~~and~~"

Acts 1985, H. 1379, Sec. 24. (underlined provisions were added by amendment.)

■ By reiterating "IC 4–22–2" it is even more clear that the legislature intended the statute to have two different parts. The term "place of employment" encompasses every worksite in which there exists a master/servant relationship. The authority to regulate the worksite for the prevention of accidents naturally includes the authority to decide who has the duty to comply with such regulations. If this were not true, the regulations would be useless opinions by the Labor Department on what it considers safe practices. Prime, independent, and subcontractors have the duty to follow regulations concerning worker safety.

The Third District of the Court of Appeals held that the construction industry regulations "impose a specific duty upon prime contractors to insure that the safety regulations of the Commissioner of Labor are followed." *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1147. We also cited *Smith v. P. & B. Corp.* (1979), 179 Ind.App. 693, 386 N.E.2d 1232, as precedent for our holding. *Smith* is a First District case that stated the construction regulations governing excavation of sewer trenches applied only to prime contractors. The defendant in *Smith* did not have a specific duty to comply with the regulations because he was not a prime contractor, but *Smith's* recognition of the application of the construction regulations to prime contractors was contrary to its prior holding in *Hale v. Peabody.*[3] Recent

---

2. The same quote of the statute is found in *Jones v. IPALCO.*

3. *But see Martin v. Simplimatic Engineering Corp.* (1979), 181 Ind.App. 10, 390 N.E.2d 235 (First District refused to find machine manufac-

caselaw clearly favors the application of the construction industry regulations to prime contractors and the imposition of a nondelegable duty upon them to follow such regulations. *See Jones v. P. & B. Corp.*, 179 Ind.App. 693, 386 N.E.2d 1232 and *Jones v. City of Logansport*, 436 N.E.2d 1138.

The last argument raised by Flanagin is that the construction industry regulations were pre-empted by OSHA. As this argument was not raised at the trial court level, it cannot be raised for the first time on appeal. *State v. Maplewood Heights Corporation* (1973), 261 Ind. 305, 302 N.E.2d 782, 785.

Flanagin is not entitled to summary judgment as a matter of law.

We reverse.

GARRARD, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I dissent. In cases where the prime contractor has not assumed liability by way of contract, I believe the better rule of law has been followed by the First District and restricts application of statutorily imposed liability. To the extent the prime contractor contracts for liability for compliance with construction regulations, I agree with the interpretation of the contract provisions in accordance with *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, *reh. denied.*

The construction industry regulations, 610 I.A.C. § 5–1 (1984) were, as the majority indicates, promulgated by the Commissioner of Labor pursuant to IND.CODE § 22–1–1, section 22–1–1–11 being the authorizing section. The First District has held that IND.CODE § 22–1–1–11 authorizes the adoption of regulations applicable only to employers or employees, or both. *Hale v. Peabody Coal Co. et al.* (1976), 168 Ind.App. 336, 343 N.E.2d 316, 323. This reasoning is in line with that of the Second

District as stated in *Jones, Admx. v. IPALCO et al.* (1973), 158 Ind.App. 676, 304 N.E.2d 337, 345, *reh. denied* (1974). A regulation enacted pursuant to this enabling statute, could not extend the limited scope of the statute or regulation beyond that area of employers or employees and places of such employment. *See, Jones, Admx. v. IPALCO et al., supra.*

There is no discrepancy of opinion as to the fact that the construction regulations, 610 I.A.C. § 5–1 (1984), apply to "prime contractors." The regulations specifically refer to the "prime contractor." 610 I.A.C. § 5–1–1(B)(6), (7) and (8) (1984). Therefore the recognition by the First District in *Smith v. P. & B. Corp.* (1979), 179 Ind.App. 693, 386 N.E.2d 1232, *reh. denied, trans. denied,* that the regulations apply only to prime contractors is of no significance as an indication of a change of opinion as to the permissible application of the regulations. In *Smith*, P. & B. was found not to be a prime contractor and was outside the scope of the regulation.

The divisive issue is whether or not the regulations apply to situations other than those involving employees, employers and places of such employment. This issue was not addressed in *Smith*. However, subsequent to *Smith*, the First District reaffirmed its position as to the limited application of regulations enacted pursuant to IND.CODE § 22–1–1–11. In *Martin v. Simplimatic Engineering* (1979), 181 Ind. App. 10, 390 N.E.2d 235, 238, *reh. denied,* the Court stated that Simplimatic was not the employer of Martin, and any regulation adopted pursuant to IND.CODE § 22–1–1–11 would therefore not be applicable to hold Simplimatic liable to Martin.

I find this limited scope of IND.CODE § 22–1–1–11, with the necessarily restricted application of the regulations to be better rule of law. I would therefore affirm the summary judgment in favor of Flanagin albeit on grounds other than those enunciated by the trial court.

---

turer negligent per se on the theory that IC 22–2–2–22 was breached because statute only

applied to employers, employees or places of employment).